FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/18/2023 1:48 PM
JAMIE SMITH
DISTRICT CLERK
B-211036

NO. _____

| | | |
|---|---|---|
| GRADY LANDRETH AND DONNA LANDRETH | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | JEFFERSON COUNTY, TEXAS |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, GRADY LANDRETH and DONNA LANDRETH, hereinafter referred to as Plaintiffs, complaining of and about Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, hereinafter referred to as ALLSTATE, and in support hereof would show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN—EXPEDITED ACTION

1.   This action arises under the laws of the State of Texas. Plaintiffs intend for this action to be governed by the expedited actions process set forth in TEX. R. CIV. P. 169 and that discovery to be conducted under Level 1 of TEX. R. CIV. P. 190.4. Therefore, Plaintiffs would ask the Court to enter a discovery control plan tailored to the particular circumstances of this lawsuit.

### II.
### CLAIMS FOR RELIEF

2.   Plaintiffs affirmatively plead that they seek only monetary relief aggregating $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, attorney fees, and costs. TEX. R. CIV. P. 47; and TEX. R. CIV. P. 169.

1

## III.
## PARTIES

3.  Plaintiff, GRADY LANDRETH, is a Texas citizen and resides in Jefferson County, Texas.

4.  Plaintiff, DONNA LANDRETH, is a Texas citizen and resides in Jefferson County, Texas.

5.  Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY is a private, for-profit insurance carrier licensed to conduct business in the State of Texas. Service of process may be had through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV.
## JURISDICTION AND VENUE

6.  Venue is mandatory in Jefferson County, Texas, pursuant to TEX. INS. CODE § 1952.110 because Plaintiffs resided in Jefferson County at the time of the motor-vehicle crash with the underinsured motor vehicle and the motor-vehicle crash giving rise to the claim occurred in Jefferson County. Jurisdiction is proper because the Court has personal jurisdiction over all parties and the amount in controversy is within the jurisdictional limits of the Court.

## V.
## FACTS

7.  On or about June 23, 2022, Plaintiffs were travelling southbound in the 6600 block of 32nd Street, in Groves, Jefferson County, Texas through the intersection of the 3300 block of West Parkway. At the same time, the underinsured motorist, Joseph Alan Glenn, was travelling eastbound in the 3300 block of West Parkway when he disregarded a stop sign and entered the intersection crashing into Plaintiffs' vehicle.

8.  Prior to the filing of the present cause of action, the underinsured motorist, Joseph Alan Glenn, tendered the limits of his bodily injury liability insurance coverage to Plaintiffs and was accordingly released from any further financial liability arising out of this occurrence.

9.  At the time of the motor-vehicle crash, Plaintiffs were loyal ALLSTATE customers and were covered under ALLSTATE Policy Number 629 228 958 (the "Policy"). The Policy included uninsured motorist/underinsured motorist (UM/UIM) benefits, which insured Plaintiffs in the event personal and bodily injuries were sustained as a result of the negligence of an uninsured or underinsured motorist. Joseph Alan Glenn is an "underinsured motorist" as that term is defined under the Policy.

## VI.
## UNDERINSURED MOTORIST CLAIMS

10. Plaintiffs bring this action against ALLSTATE to obtain a declaration of coverage for damages for personal and bodily injuries sustained in the June 23, 2022 motor-vehicle crash that was proximately caused by the negligence of underinsured motorist, Joseph Alan Glenn. At the time of the motor-vehicle crash, Plaintiffs were covered under the Policy which included underinsured motorists coverage of $30,000.00 per person. Plaintiffs are covered persons under the applicable terms of the Policy. Plaintiffs timely and properly notified ALLSTATE of their claims under the underinsured motorists provisions of the Policy. ALLSTATE has failed to offer Plaintiffs a fair settlement. Underinsured motorist, Joseph Alan Glenn's negligence caused Plaintiffs to sustain personal injuries and damages. Underinsured motorist, Joseph Alan Glenn's insurance coverage was not able to fully compensate Plaintiffs for their personal injuries and damages. Accordingly, Plaintiffs must now pursue the applicable underinsured motorist benefits available to them from ALLSTATE. All conditions precedent to bringing this suit against ALLSTATE have been performed and/or have occurred.

## VII.
## DECLARATORY JUDGMENT ACTION

11. Based on the foregoing facts, and pursuant to the Policy which was in force and effect on the date of the underlying motor-vehicle crash, Plaintiffs seek a declaratory judgment action pursuant to TEX. CIV. PRAC. & REM. CODE Ch. 37 declaring that Plaintiffs were insured under the Policy on the date of the motor-vehicle crash, that the Policy provided UIM coverage, that ALLSTATE is liable for UIM benefits under the policy, and specifying the amount of damages, attorney fees, interest and court costs that ALLSTATE is obligated to pay.

## VIII.
## DAMAGES

12. As a producing and proximate result of the negligence of the underinsured motorist, Joseph Alan Glenn, Plaintiffs sustained severe and disabling injuries to their body generally resulting in a number of medical symptoms and/or adverse reactions reducing the quality of their life. Due to the nature and severity of their injuries, Plaintiffs have been required to seek medical treatment. Plaintiffs have been required to pay and incur liability to pay the charges which have been made for such medical services. In the future, it is reasonably probable that Plaintiffs will require additional medical care, treatment and procedures and will be required to pay and incur liability to pay the charges which will be made for such services. The charges which have been made and which will be made for such services rendered to the Plaintiffs have represented and will represent the usual, reasonable, and customary charges for like and similar services in the vicinity where they have been and will be rendered. All of such services, both past and future, have been and will be necessary in connection with the proper treatment of the injuries suffered by the Plaintiffs as a result of the subject motor-vehicle crash.

13. Your Plaintiffs have sustained compensatory damages as a producing and/or proximate cause of the negligence of the underinsured motorist, Joseph Alan Glenn, in at least the following particulars, which in all reasonable probability, will continue into the future:

   a. Reasonable and necessary costs of medical care and treatment including hospitals, nurses, medicine, and other services and supplies in the past and future;

   b. Physical pain in the past and future;

   c. Mental anguish, not only with regard to the immediate incident as it unfolded, but also with regard to the impact the incident and injuries have had on their lives, and that they will probably have on the remainder of their lives, including the anxiety of diminished life enjoyment and freedom of movement, and the fear and anxiety associated with the various therapies, medical procedures, and treatment that were necessary, or in reasonable probability, will become necessary, to properly treat the Plaintiffs;

   d. Physical impairment in the past and future;

   e. Lost wages; and

   f. Loss of earning capacity.

14. Pursuant to TEX. CIV. PRAC. & REM. CODE Ch. 37, Plaintiff seek recovery of reasonable and necessary attorney fees from ALLSTATE.

15. Plaintiffs further plead for the recovery of all interest, including pre- and post-judgment interest, as allowed by law, all costs of court, and all other and further relief, at law or in equity, to which your Plaintiffs may be justly entitled.

## IX.
## RULE 193.7 NOTICE

16. Plaintiffs hereby notify ALLSTATE that Plaintiffs intend to use any document produced by ALLSTATE in response to written discovery as an authenticated document against ALLSTATE in any pretrial proceeding and at trial in accordance with the rights and privileges afforded by TEX. R. CIV. P. 193.7.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that ALLSTATE be cited to appear and answer herein, that upon final trial hereof, Plaintiffs recover against ALLSTATE all of Plaintiffs' damages as set forth herein as well as their reasonable and necessary attorney fees, pre- and post-judgment interest at the legal and lawful rate, all costs of court, and all other and further relief, at law or in equity, to which your Plaintiffs may be justly entitled.

Respectfully submitted,

THE FERGUSON LAW FIRM, LLP
3155 Executive Boulevard
Beaumont, Texas 77705
(409) 832-9700 Phone
(409) 832-9708 Fax

_/s/ Harrison Tatum_

Harrison E. Tatum
State Bar No. 24103961
htatum@thefergusonlawfirm.com
edaigle@thefergusonlawfirm.com – Service

**ATTORNEY FOR PLAINTIFFS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ella Daigle on behalf of Harrison Tatum
Bar No. 24103961
edaigle@thefergusonlawfirm.com
Envelope ID: 71902371
Status as of 1/18/2023 4:44 PM CST

Associated Case Party: Grady Landreth

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ella Daigle | | edaigle@thefergusonlawfirm.com | 1/18/2023 1:48:17 PM | SENT |
| Harrison E.Tatum | | htatum@thefergusonlawfirm.com | 1/18/2023 1:48:17 PM | SENT |